UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. WAMPLER,

       Plaintiff,

v.                               Case No.: 8:17-cv-2919-CEH-JSS

FLORIDA POLYTECHNIC
UNIVERSITY FOUNDATION, INC.,

       Defendant.

_____/

## MOTION TO DISMISS FLORIDA POLYTECHNIC UNIVERSITY FOUNDATION, INC. AS DEFENDANT

COMES NOW, the Florida Polytechnic University Board of Trustees ("University")[1], by and through its undersigned counsel and pursuant to Rule 12(a), Federal Rules of Civil Procedure, hereby responds to Plaintiff James M. Wampler's Complaint and Demand for Jury Trial ("Complaint"). With respect to each separately numbered paragraph of Plaintiff's Complaint, Defendant responds:

---

[1] Plaintiff served its Complaint upon, and appears to refer to his employment with, the Florida Polytechnic University Board of Trustees. The Florida Polytechnic University Foundation, Inc., is a separate entity and never employed Plaintiff. Undersigned Counsel notified Plaintiff's Counsel and requested that the Complaint be amended to reflect as such.

1

**JURISDICTION AND VENUE**

1.      It is admitted that Plaintiff's action is based upon alleged violations of the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"). Defendants deny they have violated any law and that Plaintiff is entitled to relief.

2.      It is admitted that the United States District Court for the Middle District of Florida has jurisdiction to hear claims asserted under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq. Defendants deny they have violated any law and that Plaintiff is entitled to relief.

3.      It is admitted that venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Polk County, Florida. Defendants deny they have violated any law and that Plaintiff is entitled to relief.

**PARTIES**

4.      The University admits that Plaintiff is a former employee. Defendant is without knowledge as to Plaintiff's residency in Polk County, and therefore denies that portion of Paragraph 4.

5.      The University admits that it operates a public university in Polk County, Florida.

**GENERAL ALLEGATIONS**

6.      Denied.

2

7.     Admitted that the University employed Defendant, all else is denied.

8.     Denied.

9.     Admitted.

10.    Denied.

11.    Without knowledge and therefore denied.

12.    Admitted that Plaintiff requests a jury trial.

## FACTS

13.    Admitted.

14.    Admitted.

15.    Admitted that Plaintiff broke his ankle, and that he required surgery. The University denies the remainder of paragraph 15.

16.    The University admits that Plaintiff engaged in communications regarding FMLA leave in September, 2017. The University denies the remaining allegations in paragraph 16.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

3

## COUNT I – FMLA INTERFERENCE

22.     Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 21 as if set forth fully herein.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

The "WHEREFORE" paragraph does not appear to warrant any express response, however out of an abundance of caution, Defendant denies all liability alleged therein.

## COUNT II – FMLA RETALIATION

27.     Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 21 as if set forth fully herein.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

The "WHEREFORE" paragraph does not appear to warrant any express response, however out of an abundance of caution, Defendant denies all liability alleged therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned from his employment with the Florida Polytechnic University Board of Trustees and thus is not entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Defendant Florida Polytechnic University Foundation, Inc., is not an "employer" as defined in the Family Medical Leave Act of 1993 ("FMLA").

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of FMLA retaliation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of FMLA interference.

### SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could meet his *prima facie* burden regarding his FMLA claims, the University terminated Plaintiff for the legitimate, non-retaliatory reason of job abandonment.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff had not abandoned his job, the University would have terminated Plaintiff's employment for other legitimate, non-retaliatory reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every alleged cause of action set forth therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages; Defendants are entitled to a set-off for any interim earnings, benefits or other income

## TENTH AFFIRMATIVE DEFENSE

All actions taken by Defendants with respect to the Plaintiff's employment were in good faith compliance with all applicable laws including the FMLA.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to relief, any award should be limited in whole or in part by the statutory limitations articulated in 29 U.S.C. § 2617(a)(1)(A)(i)(II).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's FMLA interference claim should be denied in whole or in part because it is subsumed by Plaintiff's FMLA retaliation claim and cannot serve as an independent basis for relief as pled in Plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff fraudulently obtained or sought to obtain FMLA leave, such leave is not protected by the FMLA.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any applicable regulation under the FMLA is deemed invalid or unconstitutional, Plaintiff's claims under the FMLA are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim contained therein, is barred because Plaintiff was not on qualified leave under the FMLA at the time in question.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on grounds that some or all of the damages claimed by Plaintiff were brought about by reason of Plaintiff's own acts, actions, or negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint may be barred, in whole or in part, due to after-acquired evidence.

The University reserves the right to raise additional affirmative defenses that become available or arise during the litigation of this matter

Dated:        January 9, 2018                Respectfully submitted,

                                             *s/Mark L. Bonfanti*
                                             Mark L. Bonfanti
                                             Florida Bar No.: 0010185
                                             Email: mbonfanti@anblaw.com
                                             ALLEN, NORTON & BLUE, P.A.
                                             906 North Monroe Street
                                             Tallahassee, Florida 32303
                                             (850) 561-3503 Phone
                                             (850) 561-0332 Facsimile
                                             *Counsel for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christopher J. Saba, Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602.

                                             */s/ Mark L. Bonfanti*
                                             ATTORNEY